IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**RALPH DONALD BRYANT, II**,

    **Plaintiff,**

v.                                          Case No. 3:23-cv-00640

**DALLAS O'DELL WILLIAMS,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

    Pending is Plaintiff's Motion for Appointment of Counsel. (ECF No. 6). Having considered the motion, the Court **DENIES** same. Plaintiff has no constitutional right to counsel in an action brought under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(1); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Generally, counsel is appointed in these cases only when there are exceptional circumstances to justify such an appointment; for example, when it is apparent to the Court that the *pro se* litigant has a colorable claim, but does not have the capacity to present it. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984). Inexperience with the law and status as a prisoner do not constitute "exceptional circumstances," especially in the pretrial stages of litigation. *Banks v. Gore,* 738 Fed. Appx. 766, 772 (4th Cir. 2018). Moreover, Plaintiff is no longer incarcerated. Therefore, he now has the ability to search for an attorney who may be willing to accept his case on a contingency fee basis, which would not require him to pay large amounts of money upfront. Finally, the undersigned intends to recommend that the instant action be

dismissed from federal court, because subject matter jurisdiction does not rest here and Plaintiff should pursue his claims in an appropriate West Virginia court.

Therefore, without a particular showing of need and without any renewed effort to find counsel, Plaintiff's inability to retain a lawyer is not a basis for the appointment of counsel. *Altevogt v. Kirwan*, No. CIV. WDQ-11-1061, 2012 WL 135283, at *3 (D. Md. Jan. 13, 2012) ("Altevogt's inability to retain counsel is not an exceptional circumstance."). Should circumstances change in the future, the matter of the appointment of counsel can be reassessed. It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to Plaintiff.

**ENTERED:** November 14, 2023

Cheryl A. Eifert
United States Magistrate Judge